UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLAN WALKER,<br><br>     Plaintiff,<br><br>          v.<br><br>WEXFORD, et al.,<br><br>     Defendants. | CAUSE NO. 3:20-CV-1020-JD-MGG |

## OPINION AND ORDER

Allan Walker, a prisoner without a lawyer, filed a second amended complaint seeking to add claims against two existing defendants, Dr. Merondit and LeeAnn Ivers. ECF 31. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The body of Walker's second amended complaint is identical to that of his prior complaint, except that he adds four paragraphs clarifying previous allegations. *See* ECF 6, 31. He will be permitted to proceed on two new claims in addition to the claims already delineated in the court's previous screening order.

Walker has already been granted leave to proceed against Dr. Merondit for failing to provide adequate medical care during his recovery from two surgeries in February 2019. *See* ECF 10. In this second amended complaint, Walker alleges Dr. Merondit performed the first surgery on February 7, 2019, as Walker sat in a "soil[e]d bed that I had been in for 2 days . . . he did not allow me to get cleaned up before he did the surgery so the surgery itself was unsterilize[d]." ECF 31 at 3. He alleges that by February 15, 2019, he had suffered an infection from the surgery. *Id.*

To support a claim for deliberate indifference to an inmate's medical needs, a medical professional's judgment must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Walker's allegations are sufficient to state a claim that Dr. Merondit acted with deliberate indifference by knowingly performing the February 7 surgery under unsterile conditions, causing Walker's wounds to become infected. He will therefore be permitted to proceed on a separate claim against Dr. Merondit for providing inadequate medical care during the February 7 surgery.

Walker also seeks to add a claim against LeeAnn Ivers, the prison's head of nursing. Walker, who is paraplegic, alleges that on October 15, 2020, Ivers directed two prison officers to move him into the shower, even though Walker told her he "could not sit up or bend at the hips." ECF 31 at 4. He was placed in a chair in the shower, but his inability to sit or bend caused him to slide out of the chair and fall to the floor, further

2

injuring his hip. *Id*. Walker called for help, but the officers "refused" to help him, while Ivers "just s[a]t in her office and watched on camera." *Id*. at 4, 15.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a claim premised on failure to protect him from dangerous conditions, Walker must allege that Ivers knowingly disregarded an objectively serious risk to his health and safety. *See id*. at 837. "An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

Walker's allegations that he told Ivers he was unable to sit, that she nonetheless directed officers to make him sit in a chair in the shower, and that she watched him call for help without attempting to intervene, raise a plausible inference that Ivers knowingly disregarded a grave risk of injury to Walker. Walker can therefore proceed against Ivers for failing to protect him from conditions that were unsafe to him, causing him to fall and sustain further injury to his hip.

As described above, Walker will proceed on these new claims in addition to the claims already delineated in the court's previous screening order. *See* ECF 10.

For these reasons, the court:

(1) GRANTS Allan Walker leave to proceed against the Miami Correctional Facility Warden in an official capacity to obtain injunctive relief for constitutionally adequate pain management for his hip injuries;

(2) GRANTS Allan Walker leave to proceed against Dr. Merondit in his individual capacity, for compensatory and punitive damages for denying Walker adequate medical care by performing his February 7, 2019 surgery under unsterile conditions, leading to the infection of a wound or wounds in his left hip, in violation of the Eighth Amendment;

(3) GRANTS Allan Walker leave to proceed against Dr. Merondit, Dr. Keenzly, and Kim Myers, in their individual capacities, for compensatory and punitive damages for failing to provide adequate medical care for infections to his left hip, and adequate pain management for injuries to his left hip, during his recovery from his February 7, 2019, and February 21, 2019, surgeries, in violation of the Eighth Amendment;

(4) GRANTS Allan Walker leave to proceed against Dr. Merondit, Dr. Keenzly, and Kim Myers, in their individual capacities, for compensatory and punitive damages for failing to provide adequate physical therapy and pain management for injuries to his left hip, during his recovery from his July 1, 2020, surgery;

(5) GRANTS Allan Walker leave to proceed against Shalana Seifert, Vernie Fanning, and LeeAnn Ivers, in their individual capacities, for compensatory and punitive damages for declining to provide for changing of bandages and bedding and adequate facilities for bathing between September 29, 2020, and October 9, 2020, despite his infected wounds, in violation of the Eighth Amendment;

(6) GRANTS Allan Walker leave to proceed against LeeAnn Ivers, in her individual capacity, for compensatory and punitive damages for failing to protect Walker from unsafe conditions in the shower on October 15, 2020, resulting in further injury to his hip, in violation of the Eighth Amendment;

(7) GRANTS Allan Walker leave to proceed against Wexford for compensatory and punitive damages for its policy and practice of violating the Eighth Amendment by discontinuing the use of a wound vacuum on infected wounds where the wound vacuum remains medically necessary;

(8) DISMISSES all other claims;

(9) DISMISSES defendants Gena S. and Nate;

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Miami Correctional Facility Warden, Dr. Merondit, Dr. Keenzly, Kim Myers, LeeAnn Ivers, Vernie Fanning, Shalana Seifert, and Wexford to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 12, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT