UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALLAN WALKER,

    Plaintiff,

        v.                            CAUSE NO. 3:20-CV-1020-JD-MGG

WEXFORD, et al.,

    Defendants.

OPINION AND ORDER

Allan Walker, a prisoner without a lawyer, filed a motion asking to file a third amended complaint. "Leave to amend is to be 'freely given when justice so requires'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) *quoting* Federal Rule of Civil Procedure 15(a). Because justice so requires in this case, the motion will be granted and the attached complaint will be separately docketed. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The body of Walker's third amended complaint is identical to that of his prior complaint, except that he adds four new paragraphs. ECF 50-1 at 3-4. Because the rest of the complaint is unchanged, the claims presented in them will not be discussed in this

order, though all the claims on which he is granted leave to proceed (both old and new) will be included in the order lines at the end. For a full discussion of the claims raised in the unchanged portions of the complaint, see the prior screening orders at ECF 10 and 33.

In the first new paragraph, Walker alleges Jena Schlarf denied him cleaning supplies for bathing. In the third new paragraph, he alleges Pamela Cool denied him cleaning supplies for bathing. In unchanged paragraphs from prior complaints in which he did not name Schlarf or Cool as defendants, he alleged they acted with Shalana Seifert, Vernie Fanning, and LeeAnn Ivers, to not provide him bandage and bedding changes as well as adequate facilities for bathing. These claims against Siefert, Fanning and Ivers were allowed to proceed and the new claims against Schlarf and Cool will be allowed for the same reasons as more fully explained in the prior screening orders. *See* ECF 10 and 33.

In the second new paragraph, Walker alleges Medical did not timely remove 59 staples placed during surgery in July 2020. However, Medical is not named as a defendant, nor could it be. Medical is a description of a part of the prison – it is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore this paragraph does not state a claim. Nevertheless, Walker is already proceeding against Dr. Merondit, Dr. Keenzly, and Kim Myers, for failing to provide adequate physical therapy and pain management for injuries to his left hip, during his recovery from surgery on July 1, 2020.

In the second new paragraph, Walker also alleges LeeAnn Ivers did not personally visit him to discuss his medical complaints. However, there is no constitutional right to a personal conversation about his grievances. *Cf. Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .."). Nevertheless, he is already proceeding against Ivers for not having his bandages/bedding changed and inadequate facilities for bathing.

In the fourth new paragraph, Walker alleges Lt. Morgan and Officer Shaw forced him into the shower on October 15, 2020, and allowed him to fall. He alleges they knew he was paralyzed and could not sit because he was unable to bend at the hip. This same claim against Ivers was allowed to proceed and the new claims against Morgan and Shaw will be allowed for same reasons as more fully explained in the prior screening orders. *See* ECF 10 and 33.

This order adds four new defendants for a total of twelve defendants in this lawsuit. The prior eight defendants have already entered an appearance. Therefore, service of the second amended complaint on their attorneys is permitted by Federal Rule of Civil Procedure 5(a)(1)(B) and 5(b)(1). The claims against those eight defendants are unchanged. Therefore, they do not need to file answers to the second amended complaint. On the other hand, the four new defendants will be served by the United States Marshals Service unless they waive service. The four new defendants must also respond to the second amended complaint.

The prior eight defendants filed a summary judgment motion arguing Walker did not exhaust his administrative remedies. ECF 39. Walker has already responded to that motion. ECF 49. Nothing in this order alters that motion or its briefing schedule. Because the claims against the four new defendants arise from the same events as the prior eight defendants, the exhaustion question appears to be the same. Though the four new defendants may yet join the summary judgment motion, pursuant to Federal Rule of Civil Procedure 56(f)(1), the court may grant summary judgment for a nonmovant after notice to the opposing party and a reasonable time to respond. Therefore, the court will grant Walker time to respond to this notice that summary judgment for the four new defendants is possible even if they do not join the summary judgment motion.

Finally, Walker filed a motion asking the court to order the Miami Correctional Staff to clean his wounds and provide him with a custom wheelchair so he can sit to prepare his legal work. ECF 48. He did not title the motion as a request for a preliminary injunction, but substantively that is what it is. As explained in the order denying his prior request for a preliminary injunction:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015).

ECF 30 at 1. Here, Walker has no chance of success on the merits because he is not proceeding on a claim for permanent injunctive relief related to wound care or a wheelchair. Rather, his only injunctive relief claim in this case is related to pain management for his hip injuries. A preliminary injunction related to pain management was previously denied. *See* ECF 30.

For these reasons, the court:

(1) CONSTRUES the motion (ECF 48) as one for a preliminary injunction;

(2) DIRECTS the clerk to edit the docket entry (ECF 48) to identify the motion as one for a preliminary injunction;

(3) DENIES the preliminary injunction motion (ECF 48);

(4) GRANTS the Motion for Leave to File an Amended Complaint (ECF 50);

(5) DIRECTS the clerk to separately docket the Third Amended Complaint (ECF 50-1);

(6) GRANTS Allan Walker leave to proceed against the Miami Correctional Facility Warden in an official capacity to obtain injunctive relief for constitutionally adequate pain management for his hip injuries;

(7) GRANTS Allan Walker leave to proceed against Dr. Merondit in his individual capacity, for compensatory and punitive damages for denying Walker adequate medical care by performing his February 7, 2019 surgery under unsterile conditions, leading to the infection of a wound or wounds in his left hip, in violation of the Eighth Amendment;

(8) GRANTS Allan Walker leave to proceed against Dr. Merondit, Dr. Keenzly, and Kim Myers, in their individual capacities, for compensatory and punitive damages for failing to provide adequate medical care for infections to his left hip, and adequate pain management for injuries to his left hip, during his recovery from his February 7, 2019, and February 21, 2019, surgeries, in violation of the Eighth Amendment;

(9) GRANTS Allan Walker leave to proceed against Dr. Merondit, Dr. Keenzly, and Kim Myers, in their individual capacities, for compensatory and punitive damages for failing to provide adequate physical therapy and pain management for injuries to his left hip, during his recovery from his July 1, 2020, surgery;

(10) GRANTS Allan Walker leave to proceed against Shalana Seifert, Vernie Fanning, LeeAnn Ivers, Jena Schlarf, and Pamela Cool, in their individual capacities, for compensatory and punitive damages for declining to provide for changing of bandages and bedding and adequate facilities for bathing between September 29, 2020, and October 9, 2020, despite his infected wounds, in violation of the Eighth Amendment;

(11) GRANTS Allan Walker leave to proceed against LeeAnn Ivers, Lt. Morgan, and Officer Shaw, in their individual capacities, for compensatory and punitive damages for exposing him to unsafe conditions in the shower on October 15, 2020, resulting in further injury to his hip, in violation of the Eighth Amendment;

(12) GRANTS Allan Walker leave to proceed against Wexford for compensatory and punitive damages for its policy and practice of violating the Eighth Amendment by discontinuing the use of a wound vacuum on infected wounds where the wound vacuum remains medically necessary;

(13) DISMISSES all other claims;

(14) DIRECTS the Clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Jena Schlarf and Pamela Cool at Wexford of Indiana, LLC, with a copy of this order and the second amended complaint (ECF 50-1), pursuant to 28 U.S.C. § 1915(d);

(15) DIRECTS the Clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Lt. Morgan and Officer Shaw at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 50-1), pursuant to 28 U.S.C. § 1915(d);

(16) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(17) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Jena Schlarf, Pamela Cool, Lt. Morgan, and Officer Shaw to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(18) GRANTS Allan Walker until **October 29, 2021**, to respond to this order notifying him pursuant to Fed. R. Civ. P. 56(f)(1) that the court may grant summary judgment for Jena Schlarf, Pamela Cool, Lt. Morgan, and Officer Shaw based on the pending summary judgment motion (ECF 39) even if they do not join the motion; and

(19) CAUTIONS Allan Walker if he does not respond by the deadline, the court may rule on the summary judgment motion without further briefing.

SO ORDERED on September 17, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT