UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLAN WALKER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-1020-JD-MGG |
| WEXFORD, et al., | |
| Defendants. | |

OPINION AND ORDER

Allan Walker, a prisoner without a lawyer, is proceeding in this case on seven claims against numerous state and medical defendants. ECF 51. Of relevance here, Walker is proceeding on three Eighth Amendment claims against five defendants. First, Walker is proceeding against Dr. Merondit "for denying Walker adequate medical care by performing his February 7, 2019 surgery under unsterile conditions, leading to the infection of a wound or wounds in his left hip[.]" *Id.* at 5. Second, Walker is proceeding against LeeAnn Ivers, Lt. Morgan, and Officer Shaw "for exposing him to unsafe conditions in the shower on October 15, 2020, resulting in further injury to his hip[.]" *Id.* at 6. Third, Walker is proceeding against Wexford of Indiana "for its policy and practice of violating the Eighth Amendment by discontinuing the use of a wound vacuum on infected wounds where the wound vacuum remains medically necessary[.]" *Id.* Specifically, Walker alleged in his complaint that he was placed on a wound vacuum after his second surgery on February 21, 2019, but Wexford discontinued use of the wound vacuum on March 1, 2019, because it did not want to pay for it. ECF 31 at 6.

The medical defendants filed a motion for partial summary judgment, arguing Walker did not exhaust his administrative remedies as to the three claims outlined above prior to filing this lawsuit. ECF 39.[1] Walker filed a response to the partial summary judgment motion. ECF 49. Walker then filed a motion for leave to file an amended complaint, seeking to add state defendants Lt. Morgan and Officer Shaw and two other medical defendants as parties in this case. ECF 50. The court granted Walker leave to file his amended complaint and notified him that, because the exhaustion question appeared to be the same for all defendants, the court could grant summary judgment for the new defendants even if they did not join the summary judgment motion. ECF 51 at 4.[2] The court also gave Walker an opportunity to respond to the notice, and Walker filed an updated response to the medical defendants' partial summary judgment motion. ECF 65. The medical defendants filed a reply to Walker's response. ECF 66. State defendants Lt. Morgan and Officer Shaw then joined the medical defendants' partial summary judgment motion. ECF 72. The partial summary judgment motion (ECF 39) is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

---

[1] The medical defendants have not moved for summary judgment on Walker's remaining four claims.

[2] State defendants Lt. Morgan and Officer Shaw were added to Walker's Eighth Amendment claim against LSA Ivers "for exposing him to unsafe conditions in the shower on October 15, 2020, resulting in further injury to his hip[.]" ECF 51 at 6. The two medical defendants were added to claims that are not the subject of this summary judgment motion.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the

3

administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

In their motion for partial summary judgment, the defendants argue Walker did not exhaust his administrative remedies as to the three claims outlined above because he submitted two formal grievances related to those claims but did not complete the grievance process as to either of those two grievances. ECF 40 at 15-17. The first formal grievance (Grievance 111259) relates to Walker's claims against Dr. Merondit and Wexford, and the second formal grievance (Grievance 119610) relates to Walker's claim against LSA Ivers, Lt. Morgan, and Officer Shaw. Each grievance will be addressed in turn.

Grievance 111259

The defendants provide evidence showing Walker filed Grievance 111259 on December 10, 2019, complaining that (1) Dr. Merondit performed an unsterile surgery on him on February 7, 2019, and (2) Wexford discontinued his use of the wound vacuum on March 1, 2019. ECF 39-1 at 17; ECF 39-6 at 2-3.[3] On February 17, 2020, the grievance office denied Grievance 111259. ECF 39-1 at 17; ECF 39-6 at 1. Walker submitted a Level I appeal to the warden, but did not complete a Level II appeal to the Department Grievance Manager. ECF 39-1 at 17.[4]

---

[3] The grievance office initially rejected Grievance 111259 as untimely, but later accepted the grievance after Walker asserted he had been waiting on a grievance form. ECF 39-6 at 2; ECF 40 at 16.

[4] The defendants provide only an attestation from the Grievance Specialist that Walker submitted a Level I appeal, and do not provide the appeal form or any other documentation regarding this appeal.

4

In his response, Walker does not dispute he did not complete the grievance process for Grievance 111259. ECF 65. Instead, he argues the grievance process was unavailable to him because he "sent out request for appeal forms" but did not receive any. *Id.* at 5. Walker identifies only one instance when he requested an appeal form. He provides a copy of a "Request for Interview" form dated March 10, 2020 ("March 10 Request"), stating "I need an appeal form for #111259 I still have not receive one." ECF 65-1 at 1.

The defendants speculate this March 10 Request was likely fabricated by Walker, as it is not stamped or marked as "received" and did not receive any response from prison staff. ECF 66 at 2-3. However, speculation is not enough to create a genuine dispute. The defendants offer no evidence Walker fabricated the March 10 Request, such as an attestation from the Grievance Specialist that the March 10 Request was never received. Therefore the court accepts as undisputed that Walker attempted to obtain an appeal form using the March 10 Request. Because Walker did not identify any other instances when he attempted to do so, the court accepts as undisputed the March 10 Request was his only attempt to obtain a grievance appeal for Grievance 111259. The defendants have submitted no evidence Walker got an appeal form in response to the March 10 Request. Therefore the court accepts as undisputed that Walker did not receive an appeal form.

The defendants argue that because Walker had to appeal within five business days of the denial of his formal grievance on February 17, his March 10 Request already was too late to appeal. *Id.* at 3. However, the defendants presented evidence that Walker

5

filed a Level I appeal after February 17. ECF 39-1 at 17. There is no evidence in the record Walker's Level I appeal was untimely. Therefore, the court accepts as undisputed that Walker filed a timely Level I appeal. The question is thus whether Walker filed a timely Level II appeal after the Warden denied his Level I appeal. There is no evidence in the record showing when the Level I appeal was denied. Therefore the court cannot determine whether the March 10 Request was untimely.

The defendants have shown Walker did not exhaust. Walker has shown he was unable to get an appeal form. The defendants have not shown Walker's attempts to obtain an appeal form were untimely. Therefore, the defendants have not demonstrated the grievance system was available to Walker. All of this is unsatisfying, but the court is bound by the evidence submitted. Walker implies he might have made efforts to obtain an appeal form other than the March 10 Request, but he did not provide even his own testimony about when, where, or how. The March 10 Request may have been fabricated, but the defendants did not provide any evidence of that. The March 10 Request may have been untimely, but the defendants did not provide any evidence showing when the Level I appeal was denied. So based on the evidence submitted, the defendants have not carried their burden to show there was an available grievance system which Walker did not exhaust. Moreover, they have not created a genuine issue of disputed fact to be resolved in a *Pavey* hearing. Therefore, the partial summary judgment motion must be denied as to Walker's claims against Dr. Merondit and Wexford.

Grievance 119610

The defendants provide evidence showing Walker filed Grievance 119610 in October 2020, complaining LSA Ivers had commanded custody staff to force him to shower. ECF 39-1 at 19; ECF 39-6 at 50. The grievance office denied Grievance 119610 on December 3, 2020, and never received any appeal form related to this grievance. ECF 39-1 at 19; ECF 39-6 at 49.

Walker does not dispute he did not complete the grievance process for Grievance 119610. ECF 65. Instead, he again argues the grievance process was unavailable to him because he "sent out request for appeal forms" but did not receive any. *Id.* at 5. Walker identifies only one instance when he requested an appeal form. He provides a "Request for Interview" form dated December 27, 2020 ("December 27 Request"), stating "I have been waiting for my appeal form for #119610 can you please send me one." ECF 65-1 at 2. Because Walker did not identify any other instances when he attempted to obtain an appeal form, the court accepts as undisputed the December 27 Request was his only attempt to obtain an appeal form for Grievance 119610.

Here, it is undisputed the grievance office denied Grievance 119610 on December 3, 2020, and Walker then had five business days to submit a timely appeal. ECF 39-3 at 12 ("If the offender is dissatisfied with the grievance response, they may appeal the response by completing the appropriate sections of State Form 45473, 'Grievance Appeal.' The completed State Form 45473, and any additional information, shall be submitted to the Offender Grievance Specialist within five (5) business days after the date of the grievance response."). Walker's evidence that he requested an appeal form on December 27, after

the time to appeal already had expired, does not show the grievance process was unavailable to him. Because it is undisputed Walker only requested an appeal form for Grievance 119610 after the time to appeal already had expired, he has not shown the grievance office prevented him from appealing Grievance 119610.

Walker's response also makes various allegations about his conditions of confinement since October 2020. ECF 65 at 4-5. However, Walker makes only general allegations about his conditions of confinement and does not specifically explain how these conditions denied him access to the grievance process. Lastly, Walker asserts prison administrators have made administrative remedies unavailable to him by "thwarting, misrepresentation, machination, and intimidation," but he alleges no facts in support of these conclusory assertions. ECF 65 at 1; *see Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations").

Thus, because (1) it is undisputed Walker did not complete a Level I appeal for Grievance 119610, and (2) Walker has not created a genuine dispute about whether the grievance process was unavailable to him during the time to file an appeal, Walker cannot rely on Grievance 119610 to show exhaustion. Accordingly, LSA Ivers, Lt. Morgan, and Officer Shaw have met their burden to show failure to exhaust. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for partial summary judgment (ECF 39) as to Walker's claim that LSA Ivers, Lt. Morgan, and Officer Shaw violated his Eighth Amendment rights by "exposing him to unsafe conditions in the shower on October 15, 2020, resulting in further injury to his hip" (ECF 51 at 6), and dismisses this claim without prejudice; and

(2) DENIES the defendants' motion for partial summary judgment (ECF 39) in all other respects.

SO ORDERED on December 16, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT